UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GALINDO-VEGA,<br><br>                            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | Case Nos.:  16cv1405; 14cr0341<br><br>**ORDER DENYING PETITION TO SET ASIDE, VACATE, OR CORRECT SENTENCE**<br><br>**(Doc. No. 30)** |

     Presently before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by Lorenzo Galindo-Vega ("Galindo-Vega"). (Doc. No. 30.) Pursuant to the Court's order, the Government filed a response in opposition on July 19, 2016. (Doc. No. 33.)

**I.      BACKGROUND**

     In 2010, Galindo-Vega was convicted of possession of heroin for sale, in violation of California Health and Safety Code section 11351. (Doc. No. 21 at 6.) Following this conviction, Galindo-Vega was removed to Mexico, his country of origin, once in 2011 and again in 2013. (*Id.* at 7.) On January 16, 2014, a United States Border Patrol Agent encountered Galindo-Vega near Otay Mesa, California. (*Id.* at 3.) Galindo-Vega admitted

that he was a citizen of Mexico and that he was in the United States illegally, at which point he was placed under arrest and charged in a single count information with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). (*Id.*); (Doc. No. 11.)

On February 13, 2014, Galindo-Vega pled guilty pursuant to a written plea agreement to illegal re-entry. (*See* Doc. No. 16.) As part of the plea agreement, Galindo-Vega:

> "waive[d] to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court impose[d] a custodial sentence above the high end of the guideline range recommended by the Government" pursuant to the plea agreement.

(Doc. No. 16 at 7.)

At sentencing, the United States recommended a sentence of 46 months based on the following calculations in its sentencing summary chart:

> Base Offense Level: 8
> Prior Felony: +16
> Acceptance of Responsibility: -3
> Fast Track: -4

The 16-level enhancement was suggested pursuant to United States Sentencing Guidelines ("USSG") § 2L1.2, from Galindo-Vega's prior conviction for violating California Health and Safety Code section 11351. The calculations produced an adjusted base offense level of 17. When considered in combination with Galindo-Vega's criminal history category of V, it resulted in a guidelines range of 46 to 57 months custody. Probation concurred with the sentencing recommendation, including the 16-level enhancement under § 2L1.2 based on Galindo-Vega's prior conviction for violating California Health and Safety Code section 11351.

Petitioner objected to the 16-level enhancement, arguing the section 11351 conviction did not qualify as a "drug trafficking offense" under USSG § 2L1.2, because the documents associated with that conviction did not adequately establish that it

involved a federally controlled substance. (Doc. No. 21.) Thus, Petitioner argued that only a 4-level enhancement should apply. (*Id.*) The Government filed a response to Petitioner's arguments regarding the propriety of the 16-level enhancement citing *United States v. Galindo-Vega*, 522 Fed. App'x. 388, 389 (9th Cir. 2013).

At the sentencing hearing, the Court determined that the 16-level enhancement properly applied as the prior conviction for violation of section 11351 was a "drug trafficking offense" involving a federally controlled substance. Galindo-Vega was sentenced to the low end of the recommended guidelines range at 46 months in custody. Judgment was entered on April 30, 2014. (Doc. No. 29.)

Galindo-Vega did not file an appeal or otherwise challenge his sentence. On June 6, 2016, Galindo-Vega filed the instant motion to vacate, correct, or set aside sentence based on two recent decisions of the United States Supreme Court: *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). The Government filed an opposition on July 19, 2016. (Doc. No. 33.) Galindo-Vega filed a traverse to the Government's opposition on August 11, 2016. (Doc. No. 35.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

///

### III. DISCUSSION

Galindo-Vega requests the Court vacate his 46-month sentence and resentence him in light of recent Supreme Court authority. Citing *Johnson* and *Welch*, Galindo-Vega asserts his sentence is unconstitutional because the Supreme Court has held that the residual clause of the Armed Career Criminals Act is unconstitutionally vague in *Johnson*. Relying on *Welch*, Galindo-Vega asserts *Johnson* applies retroactively on collateral review. (*See* Doc. No. 30.)

In opposition, the Government asserts several grounds for denial of Galindo-Vega's petition, including that he waived his right to collaterally attack his sentence, his claims are procedurally defaulted and time-barred, and that *Johnson* is inapplicable to the facts underlying Galindo-Vega's sentence. (*See* Doc. No. 33.)

Turning first to the merits of Galindo-Vega's collateral attack, the Court examines the Supreme Court's decisions in *Johnson* and *Welch*.[1] In *Johnson*, the Supreme Court considered a section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a definition of "violent felony." *Johnson*, 135 S. Ct. at 2555. The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that this clause was unconstitutionally vague. *Id.* at 2557. In doing so, the Court found the clause "vague in all its applications," *id.* at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

---

[1] The Government asserts Galindo-Vega waived his right to appeal or collaterally attack his sentence as part of his plea agreement. In *United States v. Bibler*, the Ninth Circuit held that an "appeal waiver will not apply if. . .the sentence violates the law." 495 F.3d 621, 624 (9th Cir. 2007). The court explained that a sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Because Galindo-Vega purports to raise a constitutional challenge premised on *Johnson*, the Court finds the waiver of appeal inapplicable.

In *Welch v. United States*, the Supreme Court held that *Johnson* has retroactive effect in cases on collateral review. *Welch*, 136 S. Ct. at 1268 (holding that *Johnson* "announced a substantive rule that has retroactive effect in cases on collateral review").

The reach of *Johnson* and *Welch* has been extended to similar language in the USSG, as the Guidelines' definition of "crime of violence" includes a sentence identical to the ACCA residual clause. *See* USSG § 4B1.2(a)(2) (providing that a "crime of violence means any offense...[that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). Thus, although Johnson's holding was specific to the ACCA, it has been applied to language in the USSG. *See, e.g.*, *United States v. Benavides*, 617 F. App'x 790 (9th Cir. 2015) (remanding case for resentencing in light of the government's concession that *Johnson* applies to the Sentencing Guidelines); *Gilbert v. United States*, No. C15-1855, 2016 WL 3443898, at *1 (W.D. Wash. June 23, 2016) (granting § 2255 motion in light of Johnson's application to the Sentencing Guidelines).

Galindo-Vega was not sentenced under the ACCA or the residual clause of the Sentencing Guidelines. He did receive a 16-level enhancement under § 2L1.2 of the USSG, which mandates an increase of 16 levels "if the defendant previously was deported, or unlawfully remained in the United States after—(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months. . . ." A "drug trafficking offense" is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or possession of a

controlled substance (or a counterfeit substance) with intent to manufacturer, import, export, distribute, or dispense." Application Note 1(B)(iii) to USSG 2L1.2.[2]

Although other courts have invalidated similarly vague language in the USSG, the language of § 2L1.2 is not unconstitutionally vague, or otherwise invalidated by the Supreme Court's holding in *Johnson*. In *Johnson*, the Supreme Court held the residual clause of the ACCA "denied fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. The Court also noted that the clause had "created numerous splits among the lower federal courts, where it proved nearly impossible to apply consistently." *Id.* at 2559.

Section 2L1.2 does not mimic the language of the residual clause in either the ACCA or the USSG, and does not present the same vagueness issues. What constitutes a "drug trafficking offense" to warrant the 16-level enhancement is clearly defined in the USSG. Specific to Galindo-Vega, the Ninth Circuit has already concluded that his prior conviction for violation of California Health and Safety Code section 11351 properly constitutes a "drug trafficking offense." *See United States v. Galindo-Vega*, 522 Fed. Appx. 388 ("Galindo-Vega's prior conviction qualifies as a drug trafficking offense for the purposes of U.S. Sentencing Guidelines Manual § 2L1.2."). Because Galindo-Vega was not sentenced under the ACCA or the residual clause of the USSG, and the provisions of the USSG he was sentenced under—§ 2L1.2—is not vague or otherwise unconstitutional, the § 2255 petition fails on the merits.[3]

---

[2] The court focuses its inquiry on the 16-level enhancement applied to Galindo-Vega's sentencing guideline factors as the only sentencing guideline provision presumably challenged. Galindo-Vega does not challenge his base offense level and *Johnson* and *Welch* do not apply to determination of a defendant's base offense level. Additionally, aside from the 16-level enhancement, Galindo-Vega only received departures: a three level departure for acceptance of responsibility and a four level departure for fast track.

[3] The Government additionally argues that Galindo-Vega's collateral attack on his sentence is procedurally defaulted and time barred. However, finding the petition fails on the merits, the Court declines to address these additional arguments.

## IV. CONCLUSION

For the reasons detailed above, Galindo-Vega's petition fails on the merits as he was not sentenced under the residual clause of the ACCA or the USSG. The provision of the USSG that Galindo-Vegas was sentenced under does not include any of the language declared unconstitutional in *Johnson*. As *Johnson* does not apply, the Supreme Court's decision in *Welch* is also inapplicable. The petition is **DENIED**. The motion hearing presently set for August 15, 2016, is **VACATED**.

**IT IS SO ORDERED**.

Dated: August 11, 2016

Hon. Anthony J. Battaglia
United States District Judge