UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO GALINDO-VEGA,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case Nos.: 16CV1405; 14CR0341<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY** |

On August 11, 2016, the Court denied Petitioner's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 based upon finding that the United States Sentencing Guidelines ("USSG") is not unconstitutionally vague in its definition of "drug trafficking offense." (Doc. No. 36.)[1] On September 23, 2016, Petitioner filed the instant motion for certificate of appealability, arguing that reasonable jurists could debate whether his prior California controlled substance conviction qualifies as a predicate for enhancement under USSG § 2L1.2. (Doc. No. 38 at 6, 7.) For the following reasons, the Court **DENIES** Petitioner's motion.

---

[1] Docket references are to the docket in 14CR0341. All pinpoint cites refer to the automatically generated CMECF page numbers and not the numbers listed on the original document.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas proceeding. *See id*. A certificate of appealability is appropriate only where the petitioner makes a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether… the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

The Court disagrees with Petitioner that reasonable jurists could find the USSG § 2L1.2 to be so vague as not to encompass California Health and Safety Code § 11351 as a "drug trafficking offense." A drug trafficking offense is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or counterfeit substance) or the possession of a controlled substance." USSG § 2L1.2. Under the California Health and Safety Code § 11351 "every person who possesses for sale or purchases for purposes of sale (1) any controlled substance… or (2) any controlled substance classified in Schedule III, IV or V which is a narcotic drug shall be punished by imprisonment…"

Using a "modified categorical analysis" approach, the Ninth Circuit has clearly established that heroin is a controlled substance under the Controlled Substance Act ("CSA") and thus a heroin conviction qualifies as a "drug trafficking offense." *Gonzalez v. U.S.*, Nos. SA CV 13-0418-DOC, SA CR 11-0259-DOC, 2014 WL 683865, at *4 (C.D. Cal. Feb. 19, 2014); *U.S. v. Leal-Vega*, 680 F.3d 1160, 1167-68 (9th Cir. 2012); *U.S. v. Avila-Rivera*, 359 Fed.Appx. 841, 844 (9th Cir. 2009).

Under the "modified categorical analysis" approach, the courts may not "look beyond the record of conviction itself to the particular facts underlying the conviction." *Fernandez-Ruiz v. Gonzalez*, 468 F.3d 1159, 1164 (9th Cir. 2006). A court's examination is limited to documents such as the "charging document, the terms of a plea agreement or

transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 13 (2005). The Ninth Circuit also held that it may consider documents of "equal reliability," including, but not limited to, a clerk's minute order. *United States v. Snellenberg*, 548 F.3d 699, 701 (9th Cir. 2008).

The relevant documents in Petitioner's case confirm that Petitioner's prior conviction for violation of California Health and Safety Code § 11351 was a "drug trafficking offense" under USSG § 2L1.2. Petitioner was charged in the Superior Court of Los Angeles with the crime of "possession for sale… in violation of Health and Safety code Section 11351.5, a Felony…" (Doc. No. 21-3 at 3.) Moreover, the report also states that petitioner did "unlawfully possess for sale and purchase for sale a controlled substance, to wit, heroin." (*Id.* at 2.) We hold that Petitioner's charging documents, and reports read together are sufficient under the modified categorical approach to establish that Petitioner was in possession with the purpose of sale of heroin, a substance included in the CSA. Thus, his prior conviction constitutes a "drug trafficking offense" under USSG § 2L1.2, and a sixteen level enhancement should have been applied.[2]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion for a certificate of appealability on the issue of whether California Health and Safety Code § 11351 is not considered a "drug trafficking offense" under the United States Sentencing Guidelines ("USSG") § 2L1.2.

**IT IS SO ORDERED**.

Dated: October 3, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

[2] The Court also notes that the Petitioner was sentenced on the lower end of the guidelines. (Doc. No. 36 at 3.)